UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-CR-202 (PJS/KMM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **ORDER FOR DETENTION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER ALLEN SHIPTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on August 27, 2018, for an arraignment on an indictment and a detention hearing upon the motion of the United States for an order of detention. The defendant was present and represented by his counsel, JaneAnne Murray. The government was represented by Assistant U.S. Attorney Miranda E. Dugi.

At the hearing, the government proffered 18 exhibits, including 15 recordings of statements made by the defendant, the defendant's judgment and commitment order related to a prior conviction for possessing child pornography, and two reports related to his conduct while on probation for that offense. The Court also had before it the indictment in this case, as well as a report prepared by the U.S. Probation and Pretrial Services Office.

Based upon all this information, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. The Court may order detention upon a showing of clear and convincing evidence "that no condition or

combination of conditions will reasonably assure the safety of any other person and the community," 18 U.S.C. § 3142(f), or upon a showing by a preponderance of the evidence that release no condition or combination of conditions will reasonably assure the appearance of the defendant as required. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citing *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc); 18 U.S.C. § 3142(c), (e)-(f)).

## **FINDINGS OF FACT**

1. The defendant is charged by indictment with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) . For each count, the Defendant faces a mandatory minimum term of imprisonment of 10 years, and a statutory maximum term of imprisonment of 20 years. According to the government's proffer, a recommended sentence under the U.S. Sentencing Guidelines is likely to exceed the statutory mandatory minimum term of imprisonment.

2. The U.S. Probation and Pretrial Services Office report and evidence presented by the government reflect that the defendant was previously prosecuted for downloading child pornography via the internet using a peer-to-peer program. While on probation for that offense, the defendant repeatedly failed to adhere to the conditions of his probation, including by missing drug tests and possessing ammunition. Most notably, the instant indictment alleges that the defendant engaged in similar conduct to his original conviction while on probation. Evidence presented by the government, including the defendant's recorded statements, describe the measures the defendant took to conceal this activity while on probation. Nonetheless, the proffered evidence reflects the defendant's

admissions to downloading child pornography while on probation.

3. The U.S. Probation and Pretrial Services Office report and evidence presented by the government also showed that the defendant's behavior led his now ex-wife to obtain an Order for Protection, which the defendant violated shortly after his release from custody in 2017. The government's evidence reflects that she may be a witness in the instant case.

4. Additionally, the report from the U.S. Probation and Pretrial Services Office and evidence presented by the government reflect that the defendant has a long history of mental illness involving suicidal ideation and suicide attempts requiring hospitalization. Recordings submitted by the government reflect multiple statements about jumping off a bridge, as well as law enforcement efforts to thwart the defendant's attempt at suicide through those means. The government also submitted a recording of the defendant stating, shortly before his release in 2017, that he "could see being that guy . . . wiring your house with explosives . . . [a]nd then finally getting in the showdown and blowing your house up."

5. Both the U.S. Probation and Pretrial Services report and the government's proffered exhibits, including admissions by the defendant, reflect that the defendant's mental health has deteriorated considerably in the past because of criminal prosecution, business difficulties, and challenges in romantic relationships. The government's evidence showed that the defendant's current prosecution creates potentially grave consequences in all three areas of the defendant's life, including with respect to potential immigration proceedings involving his current wife.

## **STATEMENT OF REASONS**

Based upon the evidence presented, including:

1. The significant term of confinement to which the defendant is subject for the offenses alleged;

2. The weight of the evidence against him as presented by the government;

3. The defendant's poor performance while on probation, including multiple and varied types of violations of the applicable conditions;

4. His criminal history; and

5. His history of mental illness, and statements regarding self-harm and potential harm to others;

there exists a serious risk that the defendant poses a threat to his own safety, and the government has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure his future appearance in court. The defendant likewise poses a serious risk to the safety of the community.

Therefore, IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant without bond is GRANTED;

2. The defendant is committed to the custody of the U.S. Marshal for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.  Upon order of the Court or request by the U.S. Attorney, the person in charge of the correctional facility in which the defendant is confined shall deliver him to the U.S. Marshal for the purpose of appearance in connection with a court proceeding.

Dated: August 27, 2018

_s/Jon T. Huseby_
JON T. HUSEBY
United States Magistrate Judge
