# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 0:18-cr-202-PJS-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| CHRISTOPHER ALLEN SHIPTON, | |
| Defendants. | |

Christopher Allen Shipton filed a motion to suppress evidence obtained by the government during its investigation in this case. Among other tools, the government used a version of peer-to-peer file-sharing software during the course of its investigation. The Court held an evidentiary hearing on the suppression issues on December 18, 2019, and Mr. Shipton has moved to reopen that hearing. Def.'s Mot., ECF No. 34. Mr. Shipton specifically seeks to file the declaration of an expert witness to testify regarding the government's investigation in this case. *Id.* His counsel proposes submitting the declaration along with a post-hearing brief that was previously ordered by the Court and Mr. Shipton does not object to the government having an opportunity to cross-examine the expert or offer its own expert declaration if necessary. *Id.* The government asks the Court to deny Mr. Shipton's motion, arguing that he could have presented any evidence from an expert witness at the time of the original hearing, but chose not to. Gov't's Resp., ECF No. 35. Alternatively, the government asks that any re-opening of the hearing for submission of a declaration be strictly limited to the issues raised in Mr. Shipton's motion to suppress and that the government be given an opportunity to file responsive declarations. *Id.*

Having reviewed this matter closely, the Court grants Mr. Shipton's motion to reopen the hearing related to his motion to suppress. The standard governing a district court's decision whether to reopen an evidentiary hearing has not been definitively established by the Eighth Circuit Court of Appeals. *United States v. Laws*, 819 F.3d 388, 396 (8th Cir. 2016). However, the Eighth Circuit has observed that a magistrate judge has broad discretion to reopen an evidentiary hearing on a motion to

suppress evidence. *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir. 2014) ("Because the district court has discretion to receive new evidence without any special justification while conducting de novo review of a magistrate judge's report and recommendation, ... we think it follows *a fortiori* that a magistrate judge likewise may receive new evidence before presenting a final report and recommendation to the district court.").

For three reasons, the Court finds that the circumstances of this case justify reopening the record. First, the issues implicated by Mr. Shipton's motion are uniquely complicated frontier issues related to how the government's use of technology to investigate serious cyber offenses interfaces with the Fourth Amendment and the privacy rights of the targets of those investigations. Although counsel for Mr. Shipton has been diligent in meeting the court's deadlines, the complexity of these issues justifies the post-hearing request to present further information. Additional expert testimony will help create a complete record to enable the Court to make an informed ruling. Second, in light of the specific circumstances of this case, the Court does not find that the defendant's failure to bring the expert in the first instance should act as a barrier to reopening the hearing. Mr. Shipton is represented by appointed counsel and any expert testimony is provided, at tax-payer expense, through the Criminal Justice Act. It was not unreasonable for Mr. Shipton's counsel to decide to incur the possibly substantial cost of securing testimony or an affidavit from such an expert only once it was shown to be necessary. Finally, Mr. Shipton is facing a very lengthy prison sentence if convicted in this matter. Given the gravity of the charges against him, it is important to fully explore the legal issues raised by his motion. Although the government is critical of the additional delay necessitated by reopening the record, that delay is reasonable in light of the seriousness of both the charges against Mr. Shipton and the issues raised by his motion.

The Court will therefore reopen the record as requested by Mr. Shipton. The post-hearing briefing schedule currently in place is hereby suspended pending further Order from the Court. The Court intends to have the factual record completed prior to the submission of substantive briefing by either side. Therefore, counsel are required to swiftly meet and confer to determine whether a hearing or the submission of declarations would be the most effective way to accomplish this goal. Counsel for Mr. Shipton should advise the Court regarding the parties' agreement or disagreement

on this matter by the close of business on Tuesday, January 29, 2019, so that the Court can set an additional briefing schedule or schedule the continued evidentiary hearing.

In addition, counsel for Mr. Shipton is required to discuss the precise nature of his challenge to the legality of the search with opposing counsel, to enable the most efficient use of both side's experts. At the hearing on this matter, testimony was received about several steps in the investigation of Mr. Shipton that involved the use of sophisticated systems to investigate serious child-pornography offenses. Defense counsel must explain to opposing counsel specifically which technological innovations are at issue, and how they purportedly violated Mr. Shipton's rights.


Date: January 25, 2019               *s/Katherine Menendez*
                                     Katherine Menendez
                                     United States Magistrate Judge