# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 0:18-cr-202-PJS-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| CHRISTOPHER ALLEN SHIPTON, | |
| Defendants. | |

This matter is before the Court on Christopher Allen Shipton's "Motion for a Continuance and an Order Pursuant to Fed. R. Crim. P. 17(c)." ECF No. 40. For the reasons set forth below, the motion is granted in part and denied in part.

## I.   Introduction

Mr. Shipton requests an extension of deadlines governing briefing and evidentiary submissions related to his pending motion to suppress evidence. Mot. to Suppress, ECF No. 20. He asserts that the additional time is needed so that his expert witness, Tami Loehrs, has time to analyze forensic evidence and so that he can obtain relevant documents from the Child Rescue Coalition ("CRC"). He also asks the Court to authorize the issuance of a subpoena to the CRC pursuant to Federal Rule of Criminal Procedure 17(c) for eleven categories of documents. *See* ECF No. 42, Attach. 1.

The government opposes Mr. Shipton's motion for several reasons. It argues that: (1) Mr. Shipton has not shown that his proposed subpoena seeks relevant, admissible, and specific evidence; (2) his expert's expressed need for the information sought in the subpoena is not credible given the criticism her opinions have received in other cases; (3) he seeks information that is outside the scope of his motion to suppress; and (4) allowing another continuance in this matter does not serve the public's interest in bringing this matter to a close through a speedy trial. *See* Gov't's Resp., ECF No. 44. The government also argues that Mr. Shipton's pending motion has become a moving target, asserting that Mr. Shipton has yet to clearly identify the precise conduct being challenged, and the constitutional basis for his argument.

On February 27, 2019, the Court held a hearing on Mr. Shipton's requests for additional time and for a subpoena and heard arguments from both counsel about the legal and practical issues raised by those requests. Following extensive discussion with the Court, Mr. Shipton clarified that his Motion to Suppress alleges three different ways in which law enforcement violated his Fourth Amendment rights. First, Mr. Shipton argues that law enforcement violated his Fourth Amendment rights when it used a modified peer-to-peer software program known as Round-Up Emule to identify a hash value for suspected child pornography associated with his IP address. Second, Mr. Shipton argues that CRC, a putative government actor in this context, violated his Fourth Amendment rights by using significant computing power to collect hash values for many other files associated with his IP address containing

known or suspected child pornography. And third, he argues that CRC violated his Fourth Amendment rights by storing information that they had gathered regarding his computer files for an indeterminate period.[1] Mr. Shipton argues that much of the evidence against him is fruit of these unlawful violations of his reasonable expectation of privacy.

## II. Analysis

The Court concludes that Mr. Shipton has adequately supported his request for a continuance and for permission to obtain some information from CRC pursuant to a Rule 17(c) subpoena. However, the Court agrees with the government that the proposed subpoena is too broad, seeking some information that is irrelevant to his Fourth Amendment challenges and other information that could be more efficiently obtained through testimony at a renewed evidentiary hearing. Accordingly, for the reasons that follow, Mr. Shipton's motion is granted in part.

### *Continuance*

As the Court has previously observed, *see* Order (Jan. 25, 2019), ECF No. 36, Mr. Shipton's motion raises uniquely complicated frontier Fourth Amendment issues

---

[1] Unfortunately, because the electronic system in the undersigned's courtroom was not activated prior to the February 27, 2019 hearing, there is no audio recording available. The Court's summary of the Fourth Amendment challenges identified by defense counsel during the hearing are, therefore, not taken verbatim from any digital recording. However, the Court explored the precise nature of the challenges with defense counsel at length and this summary accurately reflects the issues highlighted during the hearing.

3

regarding the government's use of technology to investigate serious cyber offenses.[2] This entitles Mr. Shipton to some leeway in creating the factual record upon which his challenge is based. The Court also finds that the seriousness of the charges against Mr. Shipton and the lengthy prison term he faces if convicted weigh in favor of allowing the additional time he seeks. In addition, though the Court shares the government's concern that it has been difficult to pin down the precise nature of Mr. Shipton's challenge to the government's investigation, that uncertainty has now been resolved. Moreover, Mr. Shipton's original expert witness became unavailable, in part due to funding concerns created by the recent federal government shutdown. The defense can hardly be blamed for the complications that have arisen from the need to obtain a new expert in the middle of the proceedings while also trying to determine exactly how the government conducted its investigation.

---

[2] The government argues that the issues raised by Mr. Shipton's motion are less cutting-edge than the Court has suggested, referring the Court to decisions from other districts and even one Eighth Circuit case that explore and largely reject similar claims. *See, e.g., United States v. Stults*, 575 F.3d 834 (8th Cir. 2009). However, this Court is unaware of the Eighth Circuit or any court in this district addressing the specific issues now being raised by Mr. Shipton. For instance, although the *Stults* court did explore the constitutionality of law enforcement's use of peer-to-peer software to conduct undercover operations, it did not consider the software modified for law enforcement that is at issue in this case. And while there are decisions from other districts addressing the involvement of CRC in child pornography investigations, the Court finds that these are often somewhat older cases (at least older in the fast-moving world of cyber investigations) which deal with different types of technology or different arguments. Of course, the Court agrees that those decisions will inform its consideration of the merits of Mr. Shipton's arguments, but it disagrees with any suggestion that Mr. Shipton's challenges should be treated as flying in the face of settled authority.

For these reasons, Mr. Shipton's request for a continuance is granted. However, the mechanics of creating a complete record for purposes of deciding Mr. Shipton's suppression motion require some scheduling adjustments beyond simply extending the time for submission of the anticipated legal memoranda. The Court addresses those matters in the numbered paragraphs set out at the conclusion of this Order.

**Rule 17(c) Subpoena**

In addition, the Court finds that Mr. Shipton has done enough, with respect to certain subparts of his proposed subpoena, to satisfy the standard to obtain information from a third party under Federal Rule of Criminal Procedure 17(c). For a subpoena to properly issue under Fed. R. Crim. P. 17(c), it cannot be a general "fishing expedition," *United States v. Nixon*, 418 U.S. 683, 699 (1974), but instead, it must identify with some specificity the information sought, and that information must be relevant and admissible, *see United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013).

The Court finds that, given the Fourth Amendment challenges Mr. Shipton identified during the February 27th hearing, three of the categories in his proposed subpoena meet this standard. Specifically, Mr. Shipton will be permitted to serve a Rule 17(c) subpoena duces tecum on CRC to obtain: (1) written agreements between the Minneapolis Police Department and the CRC that were in effect in November 2016; (2) the user manual or similar guide provided to law enforcement for the

version of the Child Protection System software used by the Minneapolis Police Department in November 2016; and (3) documents evidencing the number, size and processing ability of the computers/servers housed at the CRC in Florida. These documents are identified with reasonable specificity and they can generally be expected to have a bearing on the constitutional issues to be decided in connection with Mr. Shipton's pending motion to suppress. If Mr. Shipton determines that additional information is necessary and relevant to the issues before the Court, it can be more efficiently offered through live testimony than through document requests. This Order permits Mr. Shipton to subpoena a CRC witness to provide such testimony at an additional hearing.

## ORDER

1. Mr. Shipton's "Motion for a Continuance and an Order Pursuant to Fed. R. Crim. P. 17(c) **(ECF No. 40)** is **GRANTED IN PART** and **DENIED IN PART**.

2. The deadlines currently established for submission of post-hearing briefing on the suppression motion are vacated and continued until further notice from the Court.

3. **On or before March 4, 2019**, Mr. Shipton shall serve a subpoena on the Child Rescue Coalition seeking the following categories of information:

   a. written agreements between the Minneapolis Police Department and the CRC that were in effect in November 2016;

6

  b. the user manual or similar guide provided to law enforcement for the version of the Child Protection System software used by the Minneapolis Police Department in November 2016; and

  c. documents evidencing the number, size and processing ability of the computers/servers housed at the CRC in Florida

 4. Mr. Shipton may also subpoena the live testimony of a CRC witness for the evidentiary hearing to be held in this matter in accordance with Paragraph 7 of this Order.

 5. **On or before April 1, 2019**, Mr. Shipton's expert witness, Tami Loehrs, shall complete any review of the relevant forensic evidence and prepare a written report concerning the suppression issues raised in this matter, which Mr. Shipton shall serve on the government.

 6. **On or before April 22, 2019**, the government's expert(s) shall prepare any responsive report(s) and serve Mr. Shipton with a copy of each.

 7. **On May 7, 2019**, at **9:00 AM**, in Courtroom 8E in the United States Courthouse, 300 South 4th Street, Minneapolis, MN 55415, the Court will hold an evidentiary hearing on Mr. Shipton's motion to suppress. **On or before May 1, 2019**, the parties shall file concise pre-hearing briefs regarding the issues to be addressed during the evidentiary hearing and the evidence expected to be offered by the parties.

 8. The timing of post-hearing briefing will be discussed at the conclusion of the May 7th evidentiary hearing.

9. Based on the information provided during the February 27th hearing, Mr. Shipton's motion requesting a continuance, and the need to obtain a complete record to allow the Court to properly address the suppression issues raised in this matter, the Court finds that the ends of justice served by allowing the additional time for Mr. Shipton to obtain additional information, for his expert to review forensic evidence, and for the Court to conduct an evidentiary hearing outweigh the best interest of the public and Mr. Shipton in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court also notes that defense counsel confirmed at the February 27th hearing, at which Mr. Shipton was present, that Mr. Shipton specifically requests time be excluded from Speedy Trial Act computations in this case while his suppression motion is litigated. Accordingly, the period from the date of this Order through May 6, 2019 shall be excluded from Speedy Trial Act computations.

Date: March 1, 2019

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge