UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-0202 (PJS/KMM) |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER ALLEN SHIPTON, | |
| Defendant. | |

Miranda E. Dugi, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

JaneAnne Murray, MURRAY LAW LLC, for defendant.

In August 2018, defendant Christopher Shipton was indicted on two counts of possessing child pornography. ECF No. 1. Shortly after being indicted, Shipton filed a motion to suppress evidence, arguing that law-enforcement officers conducted an illegal search of his computer when they monitored and aggregated data from peer-to-peer file-sharing networks. ECF No. 20.

Over the course of nearly a year, the parties litigated Shipton's motion before Magistrate Judge Katherine M. Menendez. Judge Menendez received multiple rounds of briefing and heard evidence over the course of three days. Judge Menendez then issued an extremely thorough 42-page Report and Recommendation ("R&R") recommending that the Court deny Shipton's motion. ECF No. 88.

This matter is before the Court on Shipton's objection to Judge Menendez's R&R. ECF No. 91. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Shipton's objection is made up almost entirely of arguments that were considered—and addressed—by Judge Menendez. The Court agrees with Judge Menendez's analysis and sees no point in simply repeating that analysis in its own words. The Court therefore adopts the R&R and denies Shipton's motion.[1]

ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 88] and DENIES defendant's motion to suppress [ECF No. 20].

Dated: October 21, 2019
s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[1] The Court also notes that, even if it disagreed with Judge Menendez and found a violation of the Fourth Amendment, the Court would probably not suppress the evidence because law-enforcement officers appear to have relied on the warrant in good faith. *See United States v. Leon*, 468 U.S. 897 (1984).